No. 89-464

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF R.B. a/k/a R.K.
AND R.J.K., Youths in Need of Care.

FILED

MAR 22 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        John Keith, Great Falls, Montana

        For Respondent:

               Hon. Marc Racicot, Attorney General, Helena, Montana
               Jennifer M. Anders, Asst. Atty. General, Helena
               Patrick L. Paul, County Attorney, Great Falls,
               Montana; Tammy Plubell, Deputy, Great Falls


               Submitted on Briefs:   Feb. 15, 1990

                       Decided:   March 22, 1990

Filed:

_____
               Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant appeals an order of the Eighth Judicial District, Cascade County, Montana, terminating her parental rights regarding R.B.K. and R.J.K. We affirm.

Appellant raises a single issue for review: Did the District Court err in its findings that the treatment plan was unsuccessful?

On December 16, 1987, the District Court adjudged R.B.K., then age four, a youth in need of care and it adjudged R.J.K., born January 8, 1988, a youth in need of care on January 26, 1988. In the order declaring R.J.K. a youth in need of care, the District Court found that appellant had failed to address the abuse or neglect of R.B.K. and had not taken any steps to learn adequate parenting skills. Further, the District Court found that appellant had refused to seek prenatal care, or to adequately provide for her new baby in terms of food, clothing, or shelter.

The two cases were consolidated. On February 29, 1988, the District Court approved a treatment plan upon which all parties had agreed. The treatment plan set a three-month completion date. The Department of Family Services filed a petition for permanent legal custody of R.B.K. and R.J.K. on September 20, 1988 alleging the following:

> The proposed treatment plan has not been complied with by [the mother] and has not been successful, in that:
>
> 1. The psychological evaluation by Ken Collenborne stated "characterlogical [sic] defects are deeply ingrained and chronic in

2

nature and it is unlikely that psychotherapeutic intervention will be of much benefit in bringing about significant change." Ken Collenborne recommended that [the mother] not regain custody of her children, if ever, until she completed a rigorous treatment program which included intensive psychotherapy sessions. [The mother] has not initiated any type of psychotherapy services.

2. [The mother] did attend 8 Parents Anonymous sessions as required pursuant to the treatment plan, but did not benefit from the sessions because she has maintained a strange sense of denial.

3. [The mother] did attend 8 parenting classes at St. Thomas Child and Family Services, but again did not actively participate in the classes and did not demonstrate a desire to improve her parenting skills.

4. [The mother] moved to Monarch, Montana, which made her involvement in the Supportive Friends Program logistically unfeasible.

5. [The mother] has been unwilling to develop a cooperative relationship with her social worker and has been extremely negative from the time the Department of Family Services intervened in the case.

Further, [the mother] has failed to maintain communication with her social worker even after the social worker requested her to do so.

The District Court held hearings on three occasions, December 7, 1988, January 25, 1989, and April 13, 1989. In addition to appellant's testimony, the District Court heard testimony from Kenneth Collenborne, a clinical psychologist, the children's foster mother, the children's pediatrician, the various social workers involved in the case, the leaders of the support group and parenting class appellant attended, and several other persons who

3

had observed appellant with her children. On June 8, 1989, the District Court terminated appellant's parental rights finding that appellant had not initiated the long-term psychotherapy she needed to treat her emotional and personality disorder. Further, although appellant had complied with the treatment plan's requirement that she attend parenting classes and support groups, appellant's behavior and ability to parent did not improve as a result, rendering the treatment plan unsuccessful. The District Court also found that the emotional or mental condition causing her parental unfitness was unlikely to change within a reasonable time.

In relation to youths in need of care, § 41-3-609, MCA, sets forth the following criteria for termination of parental rights:

> 41-3-609(1)(c)   the child is an adjudicated youth in need of care and both of the following exist:
>
> (i)   an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
>
> (ii)   the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

The State must show by clear and convincing evidence that the statutory criteria have been met. Matter of J.L.S. (Mont. 1988), 761 P.2d 838, 840, 44 St.Rep. 1842, 1845. We will not reverse a district court's decision regarding findings of fact if those findings are supported by substantial credible evidence. Matter of A.H. (Mont. 1989), 769 P.2d 1245, 1247, 45 St.Rep. 395, 397.

Appellant challenges the District Court's finding that she

4

refused to participate in a long-term therapy program as recommended by Ken Collenborne. At the hearing, appellant testified that she had contacted the mental health center on several occasions and that she was told that she had been put on a waiting list. However, appellant ignores the substantial credible evidence in the record that appellant had never initiated contact with the mental health center and that she was not on a waiting list. We reject appellant's contention.

Also disputed is the District Court's conclusion that appellant's existing mental or emotional condition was unlikely to change within a reasonable time. Appellant contends that the District Court relied upon the testimony of Ken Collenborne to reach its conclusion. But, Ken Collenborne's testimony cannot support that finding, appellant asserts, because he spent only 35 minutes with appellant and did not observe her interacting with her children. However, the record discloses that Mr. Collenborne based his testimony not only on the actual time he spent with appellant, but also on the results of psychological tests he administered. He testified that appellant's personality disorder was deeply ingrained and that appellant would have to make a genuine commitment to change in order to modify her behavior. Contrary to appellant's contention, the evidence of appellant's unwillingness or inability to modify her behavior comes not from Mr. Collenborne, but from the social workers supervising appellant's case and the leaders of the parenting class and support group she attended. Substantial credible evidence exists in the record to support a

finding that appellant is unwillingly or unable to make the necessary effort to change her behavior so that she can adequately parent R.B.K. and R.J.K.

In summary, the District Court found that the State met its burden of proof under § 41-3-609(1)(c), MCA. Substantial credible evidence in the record supports that decision. We affirm the District Court.

_John Conway Harrison_
Justice

We concur:

_Diane G. Barz_

_John C. Sheehy_

_William E. Hunt_

_R.C. McDonough_
Justices